W. Gr. Swan, Special J.,
delivered tbe opinion of tbe ■Court.
This is an action of case, instituted in tbe Circuit Court of Hawkins county by tbe plaintiffs in error against tbe defendant. Tbe summons issued on tbe 16th day of August, 1856. Tbe following are the material allegations of tbe declaration, which constitute tbe grounds of tbe action: On tbe fourth Monday of May, 1856, one John Wilder filed bis bill of complaint in tbe Chancery Court at Rogersville, of which Court tbe defendant was then tbe clerk and master, against tbe plaintiffs in error. Tbe prayer of tbe bill asked for an injunction to restrain tbe plaintiffs in error from carrying away or in any manner removing a certain negro woman, a slave, in tbe bill described, and also for a writ of attachment to take tbe said slave from tbe possession of tbe plaintiffs in error. *585 This process was granted by the fiat of the Chancellor, and issued by the defendant in error in his official capacity aforesaid, but without taking from the said Wilder an injunction and attachment bond, containing the usual condition to prosecute the suit with effect, or, in case of failure, to pay to the plaintiffs in error all such costs and damages as might be incurred and sustained by them in consequence of the wrongful suing out of said process. The bill of Wilder against the plaintiffs in error was dismissed on the final hearing by the Chancellor at the May Term, 1856, of said Court. The cause was removed into this Court by appeal, and the decree of the Court below affirmed at its September Term, 1856. The said slave died after she was taken out of the possession of the plaintiffs in error, and was wholly lost to them.
The defendant filed a plea in abatement, setting forth these facts, and praying that the writ and declaration be quashed on the ground that no cause of action had accrued to the plaintiffs at the time or before the issuance of the summons. To this plea there was a demurrer, which was overruled by the Court below, and judgment rendered for defendant, from which the plaintiffs have appealed in error to this Court.
To enable the plaintiffs to maintain their action in this case, as in all others, there must have existed at the commencement of the suit, which was the issuance of the original writ or summons, a valid, legal cause of action. It is not sufficient that there be an inchoate cause of action, which becomes complete pending the action. Now, in this case, when did the cause of action accrue to the plaintiffs ? Certainly not until it was finally and judicially ascertained that the process was wrongfully sued out, for *586 until then it cannot he said that damages had been sustained by the plaintiffs. This was not done until long after the institution of plaintiffs’ action.
We are therefore of opinion that the judgment of the Circuit Court was correct, and accordingly affirm it.